**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE NORTHSTAR EDUCATION FINANCE, INC. CONTRACT LITIGATION<br><br>*This document relates to:*<br><br>ALL ACTIONS | Case No. 08-MD-01990<br><br>Judge Donovan W. Frank<br><br>Magistrate Judge Jeffrey J. Keyes |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

## I. INTRODUCTION

Plaintiffs respectfully submit this memorandum in support of their motion to appoint, pursuant to Federal Rule of Civil Procedure 23(g), as Co-Interim Class Counsel in these actions, Adam J. Levitt, of Wolf Haldenstein Adler Freeman & Herz LLC; Robert K. Shelquist of Lockridge Grindal Nauen P.L.L.P.; and Charles S. Zimmerman of Zimmerman Reed, PLLP ("Proposed Interim Class Counsel"), with the duties, responsibilities, and obligations set forth in the accompanying motion and [Proposed] Order. Plaintiffs further respectfully request that the Court appoint an Executive Committee, comprised of Jason J. Thompson, of Sommers Schwartz, P.C.; and Richard L. Kellner, of Kabateck Brown Kellner LLP. The proposed Executive Committee, if appointed, would work on this matter under Proposed Interim Class Counsel's direction, authorization, and supervision.

## II.  BACKGROUND

Defendant NorthStar Education Finance Inc. ("NorthStar") is one of the largest lenders of federal student loans in the nation, with a student loan portfolio totaling over $5 billion.  (Class Action Compl., Dkt. # 1, Case No. 08-CV-4837, ¶ 13.)  Participants in the competitive student loan industry offer inducements to students so that they will consolidate their loans (which they are allowed to do once) with a given lender.  (*Id.* ¶ 15.)  Beginning in 2001, NorthStar, as an inducement to attract prospective borrowers, began paying a credit called the "T.H.E. Repayment Bonus" to its borrowers who made timely payments on their loans.  (*Id.* ¶¶ 16-17.)  Plaintiffs allege that the T.H.E. Repayment Bonus was a contractual term of each of NorthStar's loan agreements with its borrowers.  (*Id.* ¶ 19.)  On February 18, 2008, NorthStar announced its intention to suspend the T.H.E. Repayment Bonus and no longer pay it to its borrowers.  (*Id.* ¶ 21 & Ex. B.)

Plaintiffs commenced these consolidated actions on behalf of a nationwide class of borrowers who held student loans from NorthStar at the time of the February 18, 2008 announcement.  (*See, e.g.*, *id.* ¶ 33.)  These actions bring claims for breach of contract and violations of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-.48 and the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-.70.  These actions were transferred by the Judicial Panel on Multidistrict Litigation (MDL Docket No. 1990) to this Court for coordinated or consolidated pretrial proceedings.

### III.  ARGUMENT

Plaintiffs propose appointment of Proposed Interim Class Counsel in accordance with the provisions of Rule 23(g).  This designation will promote the orderly progress of this litigation and ensure the parties are able to prosecute this litigation in an efficient and coordinated fashion.  Along with the motion, Plaintiffs are submitting copies of Proposed Interim Class Counsel's firm resumes, demonstrating their extensive experience litigating complex class actions (*see* Shelquist Aff., Exhibits A-C).  With this motion, Plaintiffs are also tendering copies of the resumes of the firms comprising the proposed Executive Committee (*see* Shelquist Aff., Exhibits D-E).

Rule 23(g)(2)(A) authorizes the Court to "designate . . . class counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  As the Committee Notes to the 2003 amendments to Rule 23 emphasize, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision.  The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination.  It may also be important to make or respond to motions before certification . . . .  Rule 23(g)(2)(A) [now Rule 23(g)(3)] authorizes the court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

Rule 23(g)(4) directs the Court to appoint interim class counsel who will "fairly and adequately represent the interests of the class."  Rule 23(g)(1)(A) further states that the Court must consider the following factors in appointing interim class counsel:

i)  the work counsel has done in identifying or investigating potential claims in the action;

    ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    iii) counsel's knowledge of the applicable law; and

    iv) the resources that counsel will commit to representing the class.

The Court may, in addition, "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs submit that the appointment of Proposed Interim Class Counsel satisfies the requirements of Rule 23(g). Plaintiffs further propose that the Proposed Interim Class Counsel be appointed pursuant to Fed. R. Civ. P. 23(g)(3), which provides for the designation of interim class counsel to act on behalf of the Class before the determination of whether to certify the action as a class action.

**I.    The Leadership Structure Plaintiffs Propose Satisfies the Requirements of Rule 23(g) and Is in the Best Interests of Plaintiffs and the Other Members of the Proposed Class.**

    **A.    Proposed Interim Class Counsel Have Demonstrated a Commitment to Identifying and Investigating Potential Claims in This Action.**

The first Rule 23(g)(1)(A) factor, which focuses on the work counsel has done to advance the litigation, strongly favors the appointment of Proposed Interim Class Counsel, who have dedicated substantial resources to advancing these actions by extensively investigating NorthStar's alleged wrongdoing and filing these actions. Proposed Interim Class Counsel continue to investigate and develop the allegations against NorthStar. Based on their prior experience in bringing and pursuing claims such as those asserted here, Proposed Interim Class Counsel fully understands the substantial investment of time and resources necessary to properly pursue and lead these consolidated actions and is committed to making the necessary investment in this case.

**B.   Proposed Interim Class Counsel Has Experience In Class Actions, Other Complex Litigation, and the Claims Asserted In This Case, and Has Knowledge of the Law Applicable in This Case.**

The second and third Rule 23(g) factors – the most persuasive factors – also demonstrate that Proposed Interim Class Counsel is the best qualified to serve in this class action. *See, e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). The action requires strong stewardship through experienced and well-capitalized counsel, which Proposed Interim Class Counsel are able to provide.

**1.   Proposed Interim Class Counsel**

As described below, Messrs. Levitt, Shelquist, and Zimmerman and their respective firms' substantial experience in leading complex class action litigations – including consumer and financial services litigation – makes them well-qualified to serve as Interim Class Counsel here.

**a.   Adam J. Levitt, Wolf Haldenstein Adler Freeman & Herz**

As reflected in its firm resume, attached as Exhibit A to the Affidavit of Robert K. Shelquist in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel, Wolf Haldenstein Adler Freeman & Herz ("Wolf Haldenstein") is among the most experienced class action firms in the United States, having represented plaintiffs in other financially complex, large-scale nationwide class actions. The firm's resume contains a representative list of the many cases Wolf Haldenstein prosecuted as lead or primary counsel. The resume also details the results achieved in those cases and numerous

published decisions from the cases in which Wolf Haldenstein served as class counsel or in a significant role. Wolf Haldenstein is undoubtedly well-qualified to serve as Interim Class Counsel in these Actions.

Courts nationwide recognize Wolf Haldenstein's qualifications to serve as class counsel. *See, e.g.*, *In re Luxoticca Group, S.p.A. Sec. Litig.*, No. 01-CV-3285, 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein lead class counsel based on the firm's "experience and expertise"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable"). Recently, in *In Re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.), where the firm was co-lead counsel, Judge Hamilton stated (on August 15, 2007):

> I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

Moreover, at the completion of a very contentious and complicated litigation, Judge Milton Shadur paid the firm a great compliment:

> It has to be said…that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize . . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.

*In re Comdisco Sec. Litig.*, No. 01 C 2110 (N.D. Ill. July 14, 2005).

Recently, in *In re TXU Corp. Derivative Litigation*, Consolidated Cause No. 07-1779 (Dallas County, Tex. 44th Judicial Dist.), Judge Carlos Cortez of the 44th Judicial District in Dallas County, Texas, noted of Wolf Haldenstein and its co-lead counsel upon the successful conclusion of litigation:

> You are exactly, the people in this room are exactly what I try to tell people week in and week out who come to this court to serve as jurors, that the profession of law is still noble, and all of you are a credit to the bar, and I'm humbled to be in your presence.

*In re TXU Corp. Derivative Litig.*, Consolidated Cause No. 07-1779 (Dallas County, Tex. 44th Judicial Dist.) (Tr. April 18, 2008).

### b. Robert K. Shelquist, Lockridge Grindal Nauen P.L.L.P.

As reflected in its firm resume, Shelquist Aff., Exhibit B, Lockridge Grindal Nauen P.L.L.P. ("LGN") has extensive class action experience prosecuting financial claims in areas of securities, antitrust, and consumer fraud. The firm's resume contains a representative list of the many cases LGN has prosecuted as lead or primary counsel.

In addition, proposed lead counsel from LGN, Rob Shelquist, has been and currently is appointed to leadership positions in both federal and state court class action litigation. Of note, Mr. Shelquist has been one of the trial counsel in two, nationwide class actions that were tried to jury verdict. LGN and Rob Shelquist are well qualified to serve as Interim Class Counsel in these Actions.

### c. Charles S. Zimmerman, Zimmerman Reed, PLLP

The firm resume, Shelquist Aff., Exhibit C, clearly evidences that Zimmerman Reed, PLLP in general, and Charles Zimmerman in particular, are uniquely qualified to

act as Interim Class Counsel in these Actions.  For over twenty-five years, Zimmerman Reed has been on the cutting edge of class action litigation both nationally and in the State of Minnesota.  As outlined in the Firm's resume, its experience includes substantial expertise in the areas of complex litigation and consumer protection cases.  By way of example, the firm has successfully resolved scores of national consumer class action cases (*see, e.g.*, *In re Castano Tobacco Litig.* (E.D. La.); *In re Mortgage Escrow Litig.*, MDL No. 899 (N.D. Ill) (lead counsel in national mortgage abuse cases); *Haritos v. Am. Express Fin. Advisors* (D. Ariz.) (lead counsel in companion case to $100 million settlement against AEFA stemming from alleged breach of fiduciary duty by financial advisors) and other complex litigation actions in the State of Minnesota (*see, e.g.*, *Boschee v. Burnet Title Company*, Hennepin County, State of Minnesota (lead counsel in multi million dollar mortgage abuse settlement))**.**  In short, the firm has extensive class action and complex litigation experience.

Moreover, as this Court is well aware, throughout the last five years, Mr. Zimmerman (acting as lead counsel) has successfully prosecuted three major multi-district litigation cases to resolution *in this District.  See generally In re Baycol Prods. Litig.,* No. 02-md-1431 (D. Minn.) (Davis, J.) (resulting in over $1.3 billion dollars in total payments made by defendant stemming from defective product); *In re Medtronic, Inc., Implantable Defibrillators Prod. Liab. Litig.*, No. 05-md-1726 (D. Minn.) (Rosenbaum, J.) (resulting in settlement in excess of $100 million on behalf of persons injured by medical device); *In re Guidant Corp., Implantable Defibrillators Prod. Liab. Litig.*, No. 05-md-01708 (D. Minn.) (Frank, J.) (obtaining settlement of approximately

$240 million on behalf of persons injured by medical device).  Recently, Mr. Zimmerman was asked to serve as Chairman of the PSC in *In re Medtronic, Inc. Sprint Fidelis Leads Prod. Liab. Litig.,* No. 08-md-1905-RHK-JSM (D. Minn.) (Kyle, J.).  In commenting on Mr. Zimmerman's role as co-lead counsel in *In re Guidant Corp.* – a case litigated *before this Court* – the Court observed that the Firm's work in general, and Mr. Zimmerman's work in particular, throughout the litigation was "superior."  *In re Guidant Corp.*, MDL No. 05-1708, 2008 WL 5382338, at *37 (D. Minn.) (Frank, J.). Judge Davis reached a similar conclusion near the end of the *Baycol MDL* noting:

> Well, Mr. Zimmerman and Mr. Lockridge, as co-lead counsel, when I made the appointment seven plus years ago I expected high quality representation from you and I have received that.
>
> So you have my admiration and I will certainly recommend you to any other judge dealing with any other MDL's because you've handled many a crisis in a very professional manner and you weathered the storm on this one and I appreciate that.

*In re Baycol Products Litigation,* No.02-cv-1431-MDL, Trial Transcript, dated November 12, 2008 at 22 (D. Minn. Davis, J.).  In short, Mr. Zimmerman has repeatedly demonstrated his ability to manage, prosecute, and perhaps most importantly, resolve, complex multi-district litigation.  These litigation skills make both Mr. Zimmerman and his firm, qualified to act as co-lead counsel in this case.

### 2.     Proposed Executive Committee

Plaintiffs also propose appointment of the following Executive Committee to assist in the management and prosecution of this litigation.  Each of the attorneys and firms comprising the proposed Executive Committee has strong experience in, among other things, consumer and financial class action cases.

### a. Jason J. Thompson, Sommers Schwartz, P.C.

Proposed Executive Committee member Jason Thompson is a partner at Sommers Schwartz – Michigan's largest plaintiffs' law firm. A copy of Mr. Thompson's firm resume is attached as Exhibit D to the Shelquist Aff. Mr. Thompson chairs Sommers Schwartz's complex litigation department, where his class action and MDL practice covers a wide variety of subjects, including healthcare fraud and pharmaceutical price gouging, consumer rights, RICO, wage and hour (FLSA) violations, *qui tam* (False Claim Act and whistle blower cases), antitrust and other anticompetitive or unfair competition, and environmental torts. Mr. Thompson has been recognized by his peers and courts alike for his skills. He is board certified in civil trial litigation by the National Board of Trial Advocacy and has been selected as a "Michigan Super Lawyer" in class actions in all three years the award has been conferred, 2006-2008.

Mr. Thompson has been appointed as lead counsel and to other leadership positions on many high profile class action and MDL cases, including: *Haase v Frank Bluestein*, No. 08-10927 (E.D. Mich.) (co-lead counsel in a PSLRA action); *Amgen Off Label Mktg. Litig.*, MDL No.1934 (executive committee member); *Stanley* vs. *U.S. Steel Corp.*, No. 04-74654 (E.D. Mich.) (lead class counsel); *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (member of the Purchase Claims Committee); *In re Bextra and Celebrex Mktg., Sales Practices, and Prod. Liab. Litig.*, MDL No. 1699 (third party payor Allocation Counsel); *In re TriCor Indirect Purchaser Antitrust Litig.*, No. 05-516 (D. Del) – TPP Allocation Counsel; and *In re Zyprexa Prods. Liab. Litig.,* MDL No. 1596 (member, Third Party Payor Committee). Based on the foregoing, Mr. Thompson

believes that he and his firm are well qualified to serve as a member of the plaintiffs' Executive Committee in this action.

### b. Richard L. Kellner, Kabateck Brown Kellner LLP

As their attached firm resume indicates (*see* Shelquist Aff., Exhibit E), Kabateck Brown Kellner, LLP is one of the nation's premier class action law firms. The partners of Kabateck Brown Kellner, LLP have collectively tried over 100 cases and have handled over 100 appeals, and the firm has recovered more than $750 million in judgments, verdicts, and settlements on behalf of their clients, including 75 recoveries of more than $1 million. Managing partner, Brian S. Kabateck, a nationally recognized expert on consumer protection, has worked with the California Legislature and California Department of Insurance to draft several laws, including the Policyholder's Bill of Rights and a groundbreaking law to help Northridge Earthquake victims recover from insurance companies. He is currently the Vice President of the Consumer Attorneys of California and was the past President of the Century City Bar Association. In 2006, he was named California Lawyer of the Year/Litigation.

The attorneys at Kabateck Brown Kellner, LLP have successfully litigated dozens of class actions. Recent cases include the following: *Marootian v. New York Life Ins. Co.*, Case No. C99-12073 CAS (MCx) (C.D. Cal.), *Epson Ink Cartridge Cases*, L.A.S.C. Case No. BC293641 & S.F.S.C. Case No. CGC-03-425588; *Checkmate v. Yahoo!, Inc.*, Case No. CV-05-4588 (C.D. Cal.), *Marisol Balandran v. Labor Read, Inc., et. al.*, L.A.S.C. Case No. BC 278551, *Alba v. Papa John's USA, Inc.*, Case No. CV-05-7487 (C.D. Cal.). Kabateck Brown Kellner, LLP is currently representing the National

Association for the Advancement of Colored People in a class action based on the racially discriminatory lending practices of 18 national mortgage lenders. *NAACP v. Ameriquest Mortgage Co.*, Case No. SACV 07-0794 (C.D. Cal.).

Based on the foregoing, Mr. Kellner believes that he and his firm are well qualified to serve as a member of the plaintiffs' Executive Committee in this action.

### C. Proposed Interim Class Counsel Has the Resources Necessary to Represent the Proposed Class.

The final Rule 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel as interim class counsel here. Proposed Interim Class Counsel are from well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude as they have demonstrated in numerous similar large-scale class actions. The firms' resources are not merely financial, but also include substantial expertise and work product, as discussed above, that it has developed in other similar cases that will be an obvious benefit to the Plaintiffs in this action. Thus, Proposed Interim Class Counsel also satisfies the resource factor under Rule 23(g).

Plaintiffs' counsel respectfully submit that, based on the above four Rule 23(g) factors, Proposed Interim Class Counsel are best able to represent the interests of the putative class because the firms possess strong and comprehensive experience and expertise leading the prosecution of class and representative litigations such as this one. Accordingly, Proposed Interim Class Counsel requests that Plaintiffs' motion for appointment of Proposed Interim Class Counsel as interim class counsel should be granted.

## IV. **CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Court enter the accompanying Proposed Order appointing: (a) Adam J. Levitt, of Wolf Haldenstein Adler Freeman & Herz LLC; Robert K. Shelquist of Lockridge Grindal Nauen P.L.L.P.; and Charles S. Zimmerman of Zimmerman Reed, PLLP as Co-Interim Class Counsel to act on behalf of class plaintiffs; and (b) an Executive Committee, comprised of Jason J. Thompson, of Sommers Schwartz, P.C.; and Richard L. Kellner, of Kabateck Brown Kellner LLP which, if appointed, will work on this matter under Interim Class Counsel's direction, authorization, and supervision.

Dated:   January 26, 2009                            **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

By:   /s/   Robert K. Shelquist
Charles N. Nauen (MN # 121216)
Robert K. Shelquist (MN # 21310X)
100 Washington Avenue South
Suite 2200
Minneapolis, Minnesota  55401
Tel:  (612) 339-6900
Fax:  (612) 339-0981

Adam J. Levitt (admitted *pro hac vice*)
John E. Tangren (admitted *pro hac vice*)
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel:  (312) 984-0000
Fax:  (312) 984-0001

Charles S. Zimmerman (MN #20054)
Timothy J. Becker (MN #256663)
Elizabeth Peterson (MN #034347X)
**ZIMMERMAN REED, PLLP**
651 Nicollet Mall Suite 501
Minneapolis, Minnesota  55402
Tel:  (612) 341-0400
Fax:  (612) 341-0844

*Counsel for Plaintiffs and Proposed Interim Class Counsel*

Jason J. Thompson (*pro hac* to be filed)
**SOMMERS SCHWARTZ P.C.**
2000 Town Center, Suite 900
Southfield, Michigan  48075
Tel:  (248) 355-0300
Fax:  (248) 746-4001

Brian S. Kabateck (*pro hac* to be filed)
Richard L. Kellner (*pro hac* to be filed)
Niall G. Yamane (*pro hac* to be filed)
**KABATECK BROWN
  KELLNER LLP**
644 South Figueroa Street
Los Angeles, California  90017
Tel:  (213) 217-5000
Fax:  (213) 217-5010

*Counsel for Plaintiffs and Proposed Executive Committee*