**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: NorthStar Education Finance, Inc., Contract Litigation<br><br>*This document relates to:*<br>All Actions | MDL No. 08-1990 (DWF/JJK) |

**ORDER GRANTING PLAINTIFFS' MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
**AND PRELIMINARY CERTIFICATION OF CLASS ACTION**
**FOR PURPOSES OF SETTLEMENT**

Upon the joint motion of Plaintiffs John M. Guidos, John J. Guidos, Jennifer So, Jeffrey Pintar, and Chad Alan Staul (collectively, "Plaintiffs") in the above-captioned consolidated multidistrict action ("Action") and Defendant Northstar Education Finance, Inc., d/b/a Total Higher Education ("Northstar"), and upon the Stipulation of Class Action Settlement ("Settlement Agreement"), entered into between Plaintiffs and Northstar, and upon all prior proceedings conducted in the Action, including oral argument at a hearing held on December 21, 2009, this Court hereby (a) finds that the proposed settlement ("Settlement") evidenced in the Settlement Agreement appears on its face to be fair, reasonable, and adequate and has been the product of serious and extensive arm's-length negotiations between Plaintiffs and Defendant; (b) approves the form and manner of notice proposed by Plaintiffs; (c) conditionally certifies for settlement purposes only, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Settlement Class defined below; and (d) schedules a hearing,

pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine, among other things, (i) whether the Settlement is fair, reasonable, and adequate and whether it should be approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and (ii) whether the application of Plaintiffs' counsel for payment of attorney fees and reimbursement of litigation expenses should be granted,

**IT IS HEREBY ORDERED**, that:

1. The Court has subject matter jurisdiction over the Actions pursuant to 28 U.S.C. § 1332, and personal jurisdiction over the parties before it.

2. Unless otherwise indicated, all defined terms used in this Order shall have the same meaning as described in the Settlement Agreement attached hereto and/or incorporated by reference hereto.

3. The Court, for settlement purposes only, hereby conditionally certifies, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a settlement class ("Settlement Class") defined as:

> All persons and entities in the United States who obtained or co-signed a student loan held by Northstar or a wholly-owned subsidiary of Northstar at the time of the Suspension of the Bonus on February 18, 2008, provided that the loan (a) is eligible to receive Bonus payments; and (b) had not been fully paid off at the time of the Suspension. Excluded from the Class are the Court and its employees; Northstar; any parent, subsidiary, or affiliate of Northstar; and all employees and directors who are or have been employed by Northstar during the relevant time period.

4. Plaintiffs allege claims for breach of contract and for Northstar's violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43-.48, and the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-.70

(collectively "Minnesota's Consumer Protection Statutes"), arising from Northstar's decision to suspend its T.H.E. Bonus Program on February 18, 2008–a course of conduct that continues through the present-day.  Northstar denies that Plaintiffs' claims have merit.

5.      The Parties have entered into a Settlement Agreement to resolve these claims and to avoid the expense and uncertainties associated with continued litigation.

6.      The Court appoints John M. Guidos, John J. Guidos, Jennifer So, Jeffrey Pintar, and Chad Alan Staul to serve as Class Representatives.

7.      Plaintiffs' counsel Robert Shelquist of Lockridge Grindal Nauen P.L.L.P., Adam J. Levitt of Wolf Haldenstein Adler Freeman & Herz LLC, and Charles Zimmerman of Zimmerman Reed PLLP, are appointed Co-Lead Class Counsel for the Settlement Class.

8.      The Court finds that the Settlement as set forth in the Settlement Agreement appears on its face to be fair, reasonable, and adequate to have been the product of serious and extensive arm's-length negotiations between Plaintiffs and Northstar, was reached in good faith, and provides meaningful relief to the Class in the form of cash payments to class members, some of which are guaranteed and all of which are calculated pursuant to a non-discretionary formula, and thus warrants providing notice of such Settlement to prospective Settlement Class members.  Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement.

9.     The Court finds, for the purposes of the Settlement only, that the prerequisites for class action treatment under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied by the Settlement Class, in that:  (1) the number of class members comprising the Settlement Class is so numerous that joinder of all members thereof is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the proposed Settlement Class representatives are typical of the claims of the other members of the Settlement Class they seek to represent; (4) the proposed Settlement Class representatives and Co-Lead Class Counsel will fairly and adequately represent the Settlement Class's interests; (5) the questions of law and fact common to the Settlement Class members predominate over any questions affecting only individual Settlement Class members; and (6) class action treatment is superior to other available methods for the fair and efficient resolution of this controversy.  The Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

10.     In making these findings, the Court has considered, among other factors: (a) the interests of Class members in individually controlling the prosecution or defense of separate actions; (b) the impracticability or inefficiency of prosecuting or defending separate actions; (c) the extent and nature of any litigation concerning these claims already commenced; and (d) the desirability of concentrating the litigation of the claims in a particular forum.  The Court takes guidance in its consideration of certification issues

from *MSK EyEs Ltd. v. Wells Fargo, Nat'l Ass'n*, 546 F.3d 533 (8th Cir); *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187 (8th Cir. 1993); and *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371 (8th Cir. 1990).

11.     The Court approves the form of the Notice of Pendency of Class Action, Proposed Settlement Class Certification, Proposed Settlement, and Fairness Hearing, in the form annexed to the Settlement Agreement (the "Notice").  The Court finds that such notice to the Settlement Class, (a) is the best notice practicable to members of the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, certification of the Settlement Class, the proposed Settlement, and the rights of Settlement Class members to object to the Settlement and the application of Plaintiffs' counsel for payment of their attorney fees and reimbursement of their litigation expenses, and to request exclusion from the Settlement Class; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice; and (d) meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fifth Amendment to the United States Constitution.

12.     The Court orders Northstar, at its own expense, to disseminate Notice to each of the prospective Settlement Class members by U.S. Mail, electronic mail, and Internet publication, in the manner described in the Settlement Agreement.  *Settlement Agreement* at II.H.1-2.

13.     The Court further orders that Class Counsel, through the Court-appointed Settlement Administrator, shall establish and maintain an Internet website under the Uniform Resource Locator (URL) www.northstarloansettlement.com, at which the Notice shall be posted to provide notice to the Settlement Class of the proposed Settlement.  This website shall remain active through the Effective Date of the Settlement, as defined in the Settlement Agreement.

14.     The Court directs that Northstar shall file proof by affidavit of the mailing of the Class Notice by direct mail and e-mail publication of the Publication Notice at or before the Fairness Hearing.

15.     The Court directs that each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must submit to the Clerk of the Court, Co-Lead Class Counsel, and counsel for Northstar a written request for exclusion postmarked no later than March 19, 2010.  The written request for exclusion must include:  (a) such person's or entity's name and address, or the name and address of the person or entity for which he, she, or it is acting; (b) proof of that person's membership in the Settlement Class; and (c) a clear and unambiguous statement that such person or entity wishes to be excluded from the Settlement Class.  Any person or entity who fails to timely and/or properly seek exclusion from the Settlement Class described herein, or as otherwise approved by the Court, shall be deemed to be a Settlement Class member for all purposes and shall be henceforth bound by all orders and/or judgments of this Court, which will have preclusive effect in all pending or future lawsuits or other proceedings.

16.     Any person or entity who does not timely and/or properly seek exclusion from the Settlement Class may, solely at the expense of such person or entity, may appear at the Fairness Hearing and show cause why the Settlement should not be approved as fair, reasonable, and adequate and why the Final Order and Judgment should not be entered thereon; provided that each such Class Member shall deliver to the offices of Co-Lead Class Counsel's and Defendant's counsel and file with the Court, postmarked no later than March 19, 2010:  (a) a detailed statement of the objection which includes the specific factual and legal bases for each objection; (b) a statement as to whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, identify counsel by name, address, and phone number; (iii) a list of any witnesses and photocopies of exhibits with the objector intends to introduce at the Fairness Hearing, if any; (iv) a list of all class action proceedings in which such objectors or their attorneys previously appeared as objectors or on behalf of objectors; and (v) the objector's signature, verifying under penalty of perjury, that they are a member of the Settlement Class and identification of the relevant loan(s) made.  Any Settlement Class Member who fails to comply with these requirements will be barred from objecting to the Settlement, or any aspect thereof.

17.     Any attorneys hired by individual Settlement Class members for the purpose of objecting to the proposed Settlement shall file with the Clerk of the Court and serve on Co-Lead Class Counsel's and Northstar's counsel a notice of appearance, postmarked no later than March 19, 2010.

18.     Any filings, exclusions, objections, and/or appearances shall be filed and/or

served at the following addresses:

> Clerk of Court
> United States District Court
>   District of Minnesota
> Warren E. Burger Federal Building & U.S. Courthouse
> 316 North Robert Street, Suite 100
> St. Paul, Minnesota  55101
>
> Robert K. Shelquist
> LOCKRIDGE GRINDAL NAUEN P.L.L.P.
> 100 Washington Avenue South, Suite 2200
> Minneapolis, Minnesota  55401
>
> ***Plaintiffs' Co-Lead Class Counsel***
>
> Adam J. Levitt
> WOLF HALDENSTEIN ADLER
>   FREEMAN & HERZ LLC
> 55 West Monroe Street, Suite 1111
> Chicago, Illinois  60603
>
> ***Plaintiffs' Co-Lead Class Counsel***
>
> Charles S. Zimmerman
> Zimmerman Reed PLLP
> 651 Nicollet Mall, Suite 501
> Minneapolis, Minnesota  55402
>
> ***Plaintiffs' Co-Lead Class Counsel***
>
> Todd A. Noteboom
> Leonard, Street & Deinard
> 150 South Fifth Street, Suite 2300
> Minneapolis, Minnesota  55402
>
> ***Counsel for Northstar***

19.     Co-Lead Class Counsel and Northstar's counsel shall promptly furnish each other with copies of any objections, appearances, and/or requests for exclusion that come into their possession.

20.     No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the Final Order and Judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of the Settlement Agreement and/or this Order.  Any Settlement Class Member who does not submit a timely, written objection or request for exclusion from the class in compliance with all of the procedures set forth in this Order and the Settlement Agreement will be deemed to have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this action, which will be preclusive in all pending or future lawsuits or other proceedings.

21.     The Court authorizes Northstar to select one of the following companies to act as the settlement administrator (the "Settlement Administrator"):  Rust Consulting, Inc., The Garden City Group, Inc., or CAC Services Group, LLC.  The Settlement Administrator shall administer the Settlement as provided by the Settlement Agreement and the plan of distribution to be submitted by Co-Lead Class Counsel under the supervision and control of Co-Lead Class Counsel, subject to final review by this Court.

22.     Plaintiffs and all other members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class are preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as members of a class action or otherwise), any claim,

9

lawsuit, arbitration, administrative, regulatory, or other proceeding arising out of the Released Claims (as defined in the Settlement Agreement) against any of the Releasees (as defined in the Settlement Agreement).  In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been timely excluded from the Class, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions.  The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

23.     All Class Members who have not been timely excluded from the Class are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Release.  In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been timely excluded from the

Class, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Transactions. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

24. Plaintiffs and Northstar have agreed to settle the Action under the terms and conditions set forth in the Settlement Agreement. It is understood and acknowledged that Northstar has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the Action, and that the Settlement Agreement is entered into as a compromise of disputed claims and for the purpose of avoiding the uncertainty, costs, and delay of litigation. The settlement created by the Settlement Agreement is not and shall not be construed as an admission of liability, wrongdoing, or damages by Northstar, nor as evidence of the validity of any of the claims asserted against Northstar. By entering into the Settlement Agreement and taking any actions in conformance with the Settlement Agreement, Northstar shall not be deemed to have admitted in any way any claims or contentions made by any party nor to have diminished in any way the validity of any defense asserted by Northstar with respect to the Action. Northstar's execution of this Settlement Agreement and actions in conformance with the Settlement Agreement are not, and shall not be construed as an admission, waiver, or estoppel by Northstar or deemed to be evidence of the validity of any of the claims made by the Plaintiffs on behalf of the members of the Class or of any liability to the Plaintiffs or to any members of the Class or that this Action is properly maintainable as a class action.

25.     If, for any reason, the Effective Date of the Settlement does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect.

26.     Nothing in this Order shall be construed or used as an admission or concession by or against Northstar of any fact, liability, or wrongdoing of any nature on the part of Northstar or anyone acting on its behalf nor shall this Order be construed or used as an admission or concession by or against Plaintiffs or the members of the Settlement Classes of any lack of merit of any of the Actions whatsoever.

27.     The Court will hold a Fairness Hearing on April 8, 2010 at 10:30 a.m. in Courtroom 7C, 7th Floor, Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.  The purpose of the Fairness Hearing will be to finally consider the fairness, reasonableness, and adequacy of the Settlement and whether it should be approved by the Court.  No later than March 1, 2010, Plaintiffs shall file their Motion for Final Approval of the Settlement.  The Parties may file with the Court reply brief(s) responding to any filed objections no later than April 1, 2010.  Co-Lead Class Counsel shall file with this Court their petition for an award of attorney fees and reimbursement of litigation expenses no later than March 1, 2010.

28.     All other motions and deadlines pending in the Action are hereby stayed.

12

29.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated:  December 21, 2009            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge